IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | | |
|---|---|---|---|
| THE BAR PLAN MUTUAL INSURANCE COMPANY, | ) ) ) | | |
| Plaintiff, | ) ) | Case No: | 1:20-cv-00429 |
| v. | ) ) ) | | |
| SOMMER KARNES & ASSOCIATES, LLP, and SPOVERLOOK, LLC, | ) ) ) ) | | |
| Defendants. | ) | | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW, The Bar Plan Mutual Insurance Company, by and through its undersigned counsel, and asks this Court for a declaratory judgment in its favor and against Sommer Karnes & Associates, LLP and SPOverlook, LLC, for the reasons that are set forth below:

**NATURE OF THE CASE**

1. The Bar Plan Mutual Insurance Company ("The Bar Plan") seeks a judicial determination of its rights and duties, if any, under a lawyer's professional liability insurance policy that it issued to Sommer Karnes & Associates, LLP ("SKA") with the Policy Number 0015398-2018, which has effective dates of October 20, 2018 through October 20, 2019 ("Policy"). *See* **Exhibit 1** attached hereto, Policy.

2. Specifically, The Bar Plan seeks a determination that it owes no duty to defend and/or indemnify SKA in the case styled *SPOverlook, LLC v. Sommer Karnes & Associates, LLP and Sonida LLC*, which was assigned case number D-1329-CV-2019-00423 CF New Mexico ("Liability Lawsuit").

## PARTIES

3. The Bar Plan is a Missouri insurance company in good standing with its principal place of business located in St. Louis County, Missouri.

4. SKA is a New Mexico Limited Liability Partnership whose partners Karl H. Sommer and Joseph Karnes, are citizens of Santa Fe, state of New Mexico.

5. SPOverlook, LLC ("SPO") is a Nevada Limited Liability Company. Upon information and belief, SPO's members, who are all citizens of the state of New Mexico, are: Elizabeth Crocker, Eric Rasmussen, Jeanne Bassett, Joan Crocker, Nicholas Crocker, Robert Gately, Stephanie Gately, Trust for Christian Andersen, Trust for Diana Warren, Trust for Marcia Andersen, and Trust for Robert M. Warren.

## JURISDICTION AND VENUE

6. There is complete diversity of citizenship between Plaintiff and all the Defendants.

7. The amount in controversy exceeds $75,000, exclusive of interest and costs.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

9. This is a declaratory judgment action brought pursuant to 28 U.S.C. § 2201 and Rule 57, FRCP.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## POLICY

11. SKA is the policyholder of the Policy.

12. The Policy is a "claims made" policy which provides as follows:

   **I.     DEFINITIONS**  Whenever used in this Policy:

   ****

D. "**CLAIM**" means: Receipt by an Insured of a demand for money or services (including the service of suit or the institution of arbitration proceedings) against the Insured from one other than that Insured.

\*\*\*\*

## II. COVERAGE

A. **PROFESSIONAL LIABILITY AND CLAIMS-MADE AND REPORTED CLAUSE:**

The Company will pay on behalf of an Insured all sums, subject to the Limit(s) of Liability, Exclusions and terms and conditions contained in this Policy, which an Insured shall become legally obligated to pay as Damages as a result of CLAIMS (INCLUDING CLAIMS FOR PERSONAL INJURY) FIRST MADE AGAINST AN INSURED DURING THE POLICY PERIOD OR ANY APPLICABLE EXTENDED REPORTING COVERAGE PERIOD AND REPORTED TO THE COMPANY DURING THE POLICY PERIOD, THE AUTOMATIC EXTENDED CLAIM REPORTING PERIOD, OR ANY APPLICABLE EXTENDED REPORTING COVERAGE PERIOD by reason of any act or omission by an Insured acting in a professional capacity providing Legal Services.
**PROVIDED ALWAYS THAT** such act or omission happens:

1. During the Policy Period; or
2. Prior to the Policy Period, provided that prior to the effective date of this Policy:
   a. Such Insured did not give notice to the Company or any prior insurer of any such act or omission; and
   b. Such Insured had no basis to believe that such Insured had committed such an act or omission.

**NOTE:** It is a condition precedent to coverage under this Policy that all Claims be reported in compliance with Section VII. CLAIMS, Paragraph A.

\*\*\*\*

## III. EXCLUSIONS

**THIS POLICY DOES NOT PROVIDE COVERAGE FOR ANY CLAIM BASED UPON OR ARISING OUT OF:**

\*\*\*\*

3

      L.      A Claim against an Insured who before the Policy effective date knew, or should reasonably have known, of any circumstance, act or omission that might reasonably be expected to be the basis of that Claim.

****

   IX.      OTHER CONDITIONS

      A.      APPLICATION:

      By acceptance of this Policy, all Insureds agree that the representations made in the Declaration Letter and Application (including all supplements) attached hereto and hereby made part of this Policy are true and complete to the best of the knowledge of all Insureds. This Policy is issued in reliance upon the truth of such representations and all Insureds warrant that no facts have been suppressed or misstated. This Policy embodies all agreements existing between the Insureds and the Company and any agents of the Company relating to this Policy.

****

13.    SKA's application for the particular Policy at issue, Question 22 (b) asked: "After the inquiry of each lawyer named in the firm,….Does the firm or any attorney in the firm have knowledge of any incident, circumstance, act or omission, that may give rise to a claim?"

14.    SKA, responded to Question 22 (b) by marking "No."

15.    Likewise, SKA had never previously disclosed to The Bar Plan any potential claim against it by SPO.

<u>**CLAIM AGAINST THE INSUREDS**</u>

16.    The complaint in the Liability Lawsuit alleges that SKA represented Sonida, LLC in the Sandoval County District Court case styled *Sonida, LLC v. SPOverlook, LLC*, which was assigned case number D-1329 CV20092519 ("Lien Case").

17. In the Liability Lawsuit, SPO alleges that:

   a. In the Lien Case, SKA obtained a judgment for its client, Sonida, against SPO that included an attorney fee award of $136,375.75.

   b. SPO placed money in sufficient amount to satisfy the attorney fee award entered in the Lien Case in the court registry.

   c. The court in the Lien Case allegedly released the funds held in the court registry to SKA and Sonida on December 17, 2012.

   d. SPO gave SKA and Sonida notice to preserve the funds released from the court registry during the pendency of its appeal of the judgment entered in the Lien Case.

   e. The court of appeals in the Lien Case reversed the attorney fee award against SPO on December 8, 2015.

   f. SPO demanded that SKA and Sonida refund the reversed fee award amount, but they have refused.

18. Based on the foregoing, SPO brings claims for unjust enrichment and conversion against Sonida and SKA in the Liability Lawsuit and SPO seeks to recoup from Sonida and SKA the reversed $136,375.75 fee award, pre- and post-judgment interest, its attorney's fees, and punitive damages.

### PRE-POLICY PERIOD THREAT OF SUIT BY SPO AGAINST SKA

19. On December 18, 2012, the following email exchanges occurred in the sequence set out below:

   a. Counsel for SPO emailed Karl Sommer, a partner at SKA, advising him:
      i. to hold the funds distributed from the court registry to satisfy the judgment in favor of SKA's client, Sonida, in the Lien Case because SPO planned to appeal that judgment and distribution of the funds would violate an automatic stay imposed by New Mexico law; and

      ii. that SPO would seek legal redress from SKA, if SKA did not honor SPO's request to hold the funds released from the court registry.

   b. Karl Sommer responded to Reid that SKA cannot hold the funds because it had already distributed the funds to SKA and Sonida before SKA

5

received notice that SPO planned to appeal the judgment, and those distributed funds had already been used.

    c.    Reid replied to Sommer stating that SKA was in violation of the stay.

20. The following day, December 19, 2012, Sommer sent Reid a letter on behalf of SPO stating that he did not appreciate Reid's threat to sue SKA and Sommer.

## COUNT I
## (Declaratory Judgment)

21. The Bar Plan re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-20 above as if fully set out herein.

22. Reasonable lawyers with knowledge of the above facts that SKA (by and through its agents) possessed prior to the Policy's effective date would have known at that point that SPO might at some point make a claim against SKA for having distributed the funds released from the court registry in the Lien case.

23. Therefore, there is no coverage under the Policy's insuring clause and/or Exclusion L, both of which preclude The Bar Plan from having a duty to defend and/or indemnify SKA as to the Liability Lawsuit.

WHEREFORE, The Bar Plan Mutual Insurance Company prays for declaratory relief as follows:

1. That it owes no duty to defend and/or indemnify SKA as to the Liability Lawsuit under the Policy's insuring clause and/or Exclusion L;

2. That The Bar Plan be awarded its attorneys' fees and costs of suit incurred herein; and

3. That the Court award such other and further relief it deems just and proper under the circumstances.

Dated: May 5, 2020	Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____*/s/ Charles J. Vigil*_____
    Charles J. Vigil
P. O. Box 1888
Albuquerque, NM 87103
Telephone:  (505) 765-5900
FAX:  (505) 768-7395

*ATTORNEYS FOR PLAINTIFF THE BAR PLAN MUTUAL INSURANCE COMPANY,*